08-3966-cv
Kalra v. HSBC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
>> ROBERT D. SACK,
>> ROBERT A. KATZMANN,
>>> *Circuit Judges,*
>> DENNY CHIN,[*]
>>> *District Judge.*

_____

Jag M. Kalra,

>> *Plaintiff-Appellant,*

>> v.                                                     08-3966-cv

HSBC Bank U.S.A., N.A., formerly known as
Republic National Bank of New York,

>> *Defendant-Appellee.*


_____

---

[*] Hon. Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        Jag M. Kalra, *pro se*, Levittown, NY.

FOR APPELLEE:        Meredith L. Friedman, HSBC Bank USA, National Association, Office of the General Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Jag M. Kalra, *pro se*, appeals from a judgment of the district court granting the Defendant's motion for summary judgment, dismissing his claim that he was terminated from his employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Historically, this Court has applied the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to ADEA claims. *See, e.g., Terry*, 336 F.3d at 138. However, in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), the Supreme Court concluded that under the plain language of the ADEA, an employee bringing a disparate treatment claim must prove by a preponderance of the evidence that age was the "but-for" cause of the employer's adverse decision, and not merely one of the motivating factors. *Id.* at 2351. The Court noted that it "has not definitively decided whether the evidentiary framework of [*McDonnell Douglas*] . . . is appropriate in the ADEA context." *Id*. at 2349 n.2.

We need not decide whether to continue to apply *McDonnell Douglas* or to abandon it in light of *Gross.* The district court concluded that Kalra failed to present evidence that would support a finding that his termination was motivated by anything other than what was perceived to be his inadequate work performance. That conclusion was not clearly erroneous. Accordingly, Kalra neither made out a *prima facie* case under *McDonnell Douglas* by evincing evidence to support that he suffered an adverse employment action because of his age, nor carried the burden of proving by a preponderance of the evidence that his age was the "but-for" reason for his termination, and that HSBC's stated reason -- Kalra's poor work record -- was mere

3

pretext.  *See Gross,* 129 S. Ct. at 2351.  We therefore affirm the district court's judgment for substantially the reasons stated by that court in its memorandum and order.

We have considered Kalra's remaining claims of error and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4